Anna R. DEEL; Oni Dale Adcock, on her own behalf and as mother and next friend of Tamatha Adcock and Patricia Adcock, Plaintiffs,

v.

William L. LUKHARD, Commissioner, Virginia Department of Social Services, and Otis R. Bowen, Secretary, Department of Health and Human Services, Defendants.

Civ. A. No. 85–0337–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Aug. 25, 1986.

Margaret T. Schenck, Castlewood, Va., Melvin L. Hill, James R. Cromwell, Lynchburg, Va., for plaintiffs.

Mark Claytor, Abingdon, Va. and Thomas J. Czelusta, Asst. Attys. Gen., Richmond, Va., Javier Arrastia, Philadelphia, Pa., E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case involves a dispute over whether plaintiffs qualify for payments from the Commonwealth of Virginia under the federal-state Aid to Dependent Children Program (ADC). Plaintiffs brought this action alleging illegalities in Virginia's ADC program arising out of the use of a transfer of assets rule to determine eligibility for ADC payments. Defendants William L. Lukhard and Otis R. Bowen are sued in their official capacities as Commissioner of the Virginia Department of Social Services (VDSS) and Secretary of the Department of Health and Human Services (HHS) respectively.

Plaintiffs seek a court order declaring Virginia's transfer of assets rule invalid and enjoining further application of the rule. Jurisdiction of this court as to the state defendant is derived from 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343 and 1331. As to the federal defendant, jurisdiction is appropriate under 28 U.S.C. § 1331. The case has been submitted for decision by motions for summary judgment pursuant to Fed.R.Civ.P. 56 by all parties.

## I.

ADC is a scheme of cooperative federalism authorized by the Social Security Act. 42 U.S.C. §§ 601–76; *King v. Smith,* 392 U.S. 309, 316, 88 S.Ct. 2128, 2132, 20 L.Ed.2d 1118 (1968). In essence the program was established "to provide financial assistance to needy dependent children and the parents or relatives who live with and care for them." *Shea v. Vialpando,* 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120 (1974).

Under the program eligible households receive payments from the state. The federal government reimburses the participating states for a portion of the funds expended. 42 U.S.C. § 603. In return the state must comply with federal statutory provisions and HHS regulations. 42 U.S.C. § 602. In fact, once a state submits a plan, if the Secretary of HHS determines that the plan meets all the requirements of Title 4(A) of the Social Security Act and the regulations promulgated under that Section, the Secretary of HHS must approve the plan. 42 U.S.C. § 602(b).

At issue in the case at bar is the validity of Virginia's ADC transfer of assets rule set forth in § 303.5 of Virginia's ADC Manual. The Secretary of HHS has approved Virginia's plan pursuant to 42 U.S.C. § 602(b). In pertinent part the transfer of assets regulation disqualifies an applicant for receipt of ADC benefits who:

> [I]mproperly transfers or otherwise improperly disposes of his/her legal or equitable interest in real or personal property without adequate compensation within 2 years of application for ADC. A recipient is ineligible for a specified period of time if an improper transfer or other improper disposition of legal or equitable interest in real or personal property occurred within 2 years of discovery of the transfer or disposition. An improper transfer of property will result in the ineligibility of the assistance unit for 2 years from the date of transfer if the uncompensated value was $12,000 or less. The period of ineligibility will be

increased 2 months for $1,000 or part thereof of uncompensated value in excess of $12,000. The amount of the uncompensated value is the fair market value or the disputed value per 303.4 of the property or the client's interest in the property less the amount of any compensation received for the property. Exceptions to this provision occur when:

A. A transfer of property was not made in an effort to become or remain eligible for ADC....

B Retention of the property would have no effect on eligibility.

C. The transfer of property resulted in compensation to the client which approximates the fair market value of the property....

D. Payment has been made on the cost of medical care which approximates the equity value of the property.

E. Disposition was the result of actions by another person ...

Virginia ADC Manual § 303.5.

The Commissioner of Virginia's Department of Social Services has declared both plaintiffs ineligible to receive ADC benefits under this regulation.[1] The events leading to determinations of ineligibility under this rule with respect to each plaintiff are as follows.

Plaintiff Deel resides in Buchanan County, Virginia with her husband and one minor child. On May 29, 1985 Mr. and Mrs. Deel transferred title to fifty-nine acres of land to the couple's daughter and son-in-law. At the time of transfer, the property was assessed at $15,700.00 and encumbered by a mortgage of $5,035.74. The consideration for the transfer was stated to be the amount of the mortgage balance.

On May 31, 1985 plaintiff Deel applied for ADC benefits with the Buchanan County Department of Social Services. Mrs. Deel's application was denied, and she requested a hearing. The hearing officer found that the Deels had improperly trans-

ferred assets prior to their application. However, the hearing officer also found that Mrs. Deel had not been informed of her right to dispute the assessed value of the property. Accordingly the matter was remanded to the local agency to give Mrs. Deel the opportunity to challenge the assessed value of the property. The State Board of Social Services affirmed the hearing officer on appeal. Eventually a second hearing was held before the hearing officer, and the local agency's denial of benefits was upheld. This decision was affirmed by the State Board of Welfare on February 27, 1986.

Plaintiff Adcock lives with two minor children in Amherst County, Virginia. Ms. Adcock applied for ADC benefits on December 3, 1984. Subsequent to making an application for benefits, Ms. Adcock permitted her estranged husband to sell a jointly-titled mobile home to his brother. The mobile home had been purchased approximately three years earlier for $3,300.00. The mobile home was sold for $1,000.00, one-half of which Ms. Adcock received.

On January 18, 1985 the local agency denied Ms. Adcock's ADC application. A hearing was held before a hearing officer on March 11, 1985. The hearing officer denied benefits finding that Ms. Adcock had improperly transferred assets. The State Board of Welfare reviewed this decision and ultimately affirmed the hearing officer's determination.

Plaintiff Deel filed an action in this court on October 17, 1985 seeking relief from the administrative actions. By order of this court on November 20, 1985, plaintiff Adcock was permitted to intervene as party plaintiff pursuant to Fed.R.Civ.P. 24(b).

The court will now address the merits of the plaintiffs' arguments.

## II.

■ Plaintiffs do not contest the manner in which Virginia's ADC transfer of assets

---

1. By Order of this court entered November 20, 1985, plaintiff Deel continues to receive ADC benefits until final resolution of this case.

rule was applied to the particular facts of this case. Rather plaintiffs challenge the validity of the transfer of assets rule itself.

Plaintiffs first contend that the transfer of assets rule is an invalid state-imposed eligibility requirement. Plaintiffs assert that Congress must provide specific authorization for states to impose eligibility requirements that individuals must meet in order to qualify for federal welfare assistance. *Cf. Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975), and *Shea v. Vialpando*, 416 U.S. 251, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974). However, within certain limitations states may condition disbursement of federal welfare funds on eligibility requirements not expressly authorized by Congress. *New York State Department of Social Services v. Dublino*, 413 U.S. 405, 420–22, 93 S.Ct. 2507, 2516–17, 37 L.Ed.2d 688 (1973).

This court must decide whether Virginia's transfer of assets rule is a permissible state imposed eligibility requirement for receipt of federal welfare funds not expressly authorized by Congress. In asserting that Virginia's transfer of assets rule is an improper state eligibility requirement, plaintiffs rely principally upon three cases that they contend set forth a per se rule that a transfer of assets rule establishes an eligibility requirement inconsistent with the Social Security Act. This court agrees that these cases are the most instructive authority for purposes of resolving this issue. The following are summaries of the pertinent portions of plaintiffs' cited cases.

In *Udina v. Walsh*, 440 F.Supp. 1151 (E.D.Mo. 1977), the court struck down a Missouri transfer of assets rule pertaining to ADC eligibility as an improper requirement for ADC assistance. The court explained:

> The Missouri statute applies both to individuals who transferred property in order to receive benefits, and to those who transferred property for reasons unconnected with the receipt of benefits. Were the statute applicable only to those

who had transferred property in order to receive benefits, thus introducing the element of fraud, a different issue would be presented.

440 F.Supp. 1155 (Citations omitted).

In *Buckner v. Maher*, 424 F.Supp. 366 (D.Ct.1976), *aff'd* 434 U.S. 898, 98 S.Ct. 290, 54 L.Ed.2d 184 (1977), a Connecticut transfer of assets rule was found to be an impermissible eligibility requirement for receipt of ADC benefits. The Connecticut rule denied ADC benefits to anyone who for any reason within seven years of application transferred or otherwise disposed of property without "reasonable consideration." 424 F.Supp. 370. The district court stated that "a state may indisputably employ reasonable rules and regulations" in policing fraud. 424 F.Supp. 373. Noting that the Connecticut transfer of assets rule did not take into account the purpose behind the transfer (i.e., whether or not it was an attempt to obtain benefits), the court found the rule to be an unauthorized eligibility requirement. *Id.*

In *Owens v. Roberts*, 377 F.Supp. 45 (M.D.Fla.1974), the court invalidated a Florida transfer of assets rule as an improper eligibility requirement under the Social Security Act. The court noted the problem with the rule was that it provided for "the wholesale denial of eligibility to all those claimants who transfer assets within a certain period of time regardless of the existence of fraudulent intent." [2] 377 F.Supp. 55.

These cases clearly indicate that a transfer of assets rule is not a per se invalid additional eligibility requirement under the Social Security Act. The court believes that the proper inquiry regarding a transfer of assets rule is whether the rule is reasonably calculated to achieve the state's goal of preventing fraud on the system.

A careful review of the transfer of assets rule found in Virginia's ADC Manual § 303.5 and the case authority leads this court to conclude that the Virginia transfer

---

**2.** The court suggested that the proper state action under the Social Security Act would be the referral of suspected fraudulent cases to the "proper authorities." 377 F.Supp. 55.

of assets rule is a valid eligibility requirement under the Social Security Act. The Virginia transfer of assets rule suffers none of the infirmities associated with the transfer of assets rules in the cases relied upon by plaintiffs. The Virginia rule contains time and value limitations and only applies to transfers made for the specific purpose of becoming eligible for benefits. For these reasons this court concludes that Virginia ADC Manual § 303.5 is reasonably calculated to prevent fraud and, consequently, is a valid eligibility requirement under the Social Security Act.

### III.

■ Plaintiffs also contend that Virginia's transfer of assets rule is invalid because it contravenes a particular provision of the Social Security Act. *New York Department of Social Services v. Dublino*, 413 U.S. 405, 422, 93 S.Ct. 2507, 2517, 37 L.Ed.2d 688 (1973). Specifically plaintiffs argue that the Virginia rule violates the federal ADC availability principle embodied in 42 U.S.C. § 602(a). Plaintiffs argue that the availability principle mandates a per se rule that only assets actually available to the applicant can be considered for purposes of determining eligibility. Plaintiffs contend that consequently property that has been transferred from their ownership cannot now be counted to determine their eligibility without violating the availability principle.

As a starting point for considering plaintiffs' contention, this court must determine whether the per se availability rule requiring property to be in hand has changed. Recent statutory amendments reveal the answer.

In 1981 in an effort to reduce federal spending, Congress enacted the Omnibus Budget Reform Act (OBRA), which limited the resources a family applying for ADC could possess and remain eligible for benefits under the ADC program. In 1984 Congress enacted the Deficit Reduction Act (DEFRA), which amended 42 U.S.C. § 602(a)(7)(B), which provided for time limited exclusions of certain property from ADC limitations on family resources.

In light of these changes, the court must reject plaintiffs' argument that the original availability principle, which provided: if in hand, counted; if not in hand, not counted; has not been changed. Congress has reworked the statutory availability principle as it applies to the ADC program. However, this is not the dispositive issue; it is only the threshold issue. The controlling question is how has Congress changed the availability principle. In particular, does the current statutory availability principle authorize Virginia to enact the transfer of assets rule found in Virginia ADC Manual § 303.5?

The federal defendant argues that Virginia's transfer of assets rule is consistent with its interpretation of the statutory availability rule and is in compliance with HHS regulations. However, this court can find no explicit delegation of authority to HHS to enact transfer of assets rules. Accordingly while the federal defendant's position merits deference, it is not controlling.[3] *Cf. Schweiker v. Gray Panthers*, 453 U.S. 34, 44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981) (when explicit delegation of authority to HHS exists, Secretary's interpretation is "entitled to more than mere deference or weight") (quoting *Batterton v. Francis*, 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977)).

---

3. Of course Virginia's transfer of assets rule must be consistent with federal regulations. The court finds that such is the case. 45 C.F.R. § 233.10(a)(1)(ii)(B) provides that states may: [i]mpose conditions upon applicants for and recipients of public assistance which, if not satisfied, result in the denial or termination of public assistance, if such conditions assist the State in the efficient administration of its public assistance programs, or further an inde-

pendent State welfare policy, and are not inconsistent with the provisions and purposes of the Social Security Act.
Certainly it is difficult to argue that Virginia's transfer of assets rule is inconsistent with this broad regulation. Plaintiffs have not argued that the federal regulation is not within the authority delegated to HHS. Nor does the court consider this issue.

The portion of the statutory ADC availability principle that the parties agree is dispositive is found at 42 U.S.C. § 602(a)(7)(B) and provides that the State agency:

[s]hall determine ineligible for aid any family the combined value of whose resources (reduced by any obligations or debts with respect to such resources) exceeds $1,000 or such lower amount as the State may determine, but not including as a resource for purposes of this subparagraph (i) a home owned and occupied by such child, relative, or other individual and so much of the family member's ownership interest in one automobile as does not exceed such amount as the Secretary may prescribe, (ii) under regulations prescribed by the Secretary, burial plots (one for each such child, relative, and other individual), and funeral agreements or (iii) for such period or periods of time as the Secretary may prescribe, real property which the family is making a good-faith effort to dispose of, but any aid payable to the family for any such period shall be conditioned upon such disposal, and any payments of such aid for that period shall (at the time of the disposal) be considered overpayments to the extent that they would not have been made had the disposal occurred at the beginning of the period for which the payments of such aid were made ...

The court will now consider whether this statutory provision allows Virginia's transfer of assets rule. Title 42 U.S.C. § 602(a)(7)(B)(iii) provides that states shall exclude the value of real property of which the family is making a good faith effort to dispose in determining eligibility for ADC benefits. Logically a state shall *include*, for purposes of determining eligibility, the value of real property of which the family is not making a good faith effort to dispose.

Thus the critical question becomes whether Virginia's transfer of assets rule properly defines what is a bad faith effort to dispose of real property. Virginia has determined that property transferred for less than fair market value in an effort to become eligible for ADC benefits constitutes bad faith.

As discussed earlier this court is of the opinion that the transfer of assets rule is reasonably calculated to prevent fraud. For this reason alone, this court cannot say that Virginia has erred in defining bad faith. Certainly by anyone's definition the perpetration of a fraud qualifies as bad faith.

Additionally Congress has expressly authorized the Secretary of HHS to impose the good faith requirement for such "period or periods of time" as he may prescribe. 42 U.S.C. § 602(a)(7)(B)(iii). HHS has not prescribed a "period or periods" of time. Accordingly the states must interpret this phrase. This court cannot say, nor have the plaintiffs argued, that the prescribed two-year time period is per se unreasonable. See *Randall v. Lukhard*, 729 F.2d 966 (4th Cir.1984) (court upholding two-year transfer of assets rule in Medicaid context).

Plaintiffs argue that Congress only intended to regulate eligibility at the time of application for benefits and thereafter. It is consistent with the statute to consider pre-application transfers of assets. If this were not the case, applicant A could give away excess property on Monday and qualify for ADC benefits on Tuesday whereas applicant B could apply for ADC benefits on Monday and give away excess property on Tuesday and not qualify for ADC benefits. Congress could not have intended such illogical results.

Moreover, Congress has indicated that transfer of assets rules are appropriate in the Medicaid context. *Randall v. Lukhard*, 729 F.2d 966 (4th Cir.1984). Because of the similarities between the ADC and Medicaid programs, this court considers this persuasive evidence that Congress authorized ADC transfer of assets rules.

Plaintiffs argue that under *Randall v. Lukhard*, 729 F.2d 966 (4th Cir.1984), specific statutory authorization for a transfer of assets rule must exist. The court understands this argument to mean that Con-

**790**

gress must explicitly provide for a state transfer of assets rule. This argument is without merit. If Congress could dictate every detail, federal and state agencies under the ADC program would serve little purpose. Furthermore, cases of this kind would never get to the courts if everything were in black and white. For the reasons discussed previously, the court holds that the federal statute is sufficiently explicit to satisfy *Randall v. Lukhard.*

The court finds that Virginia's transfer of assets rule found in Virginia ADC Manual § 303.5 is authorized by Congress under 42 U.S.C. § 602(a)(7)(B) and is valid under the Social Security Act. Accordingly the court will this day enter an appropriate Order denying plaintiffs' motion for summary judgment and granting summary judgment in favor of defendants. The Order will also remove the preliminary injunction granted on November 20, 1985.

At this point the court considers it appropriate to comment on an issue suggested at oral argument. During oral argument counsel for the Commonwealth of Virginia acknowledged that the potential exists for differences between the theory behind a program and the administration of that program. This court has held that from a legal standpoint, the Virginia transfer of assets rule is valid. If plaintiffs' problems arise from improper application of the Virginia rules by the local agencies, then the appropriate action is one to compel compliance with the rules rather than one to invalidate the rules.

### IV.

The only remaining issues in this case are those of costs and attorney fees. The state defendant has requested both. Defendants may obtain attorney's fees in § 1983 cases pursuant to 42 U.S.C. § 1988 only if the plaintiff's suit is vexatious or frivolous. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The court finds that this is not a frivolous suit; attorney's fees are denied; and defendant may recover any taxable costs.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record.